SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
LISA S. YUN, Cal. Bar No. 280812
SIEUN J. LEE, Cal. Bar No. 311358
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691
E mail        spetersen@sheppardmullin.com
              lyun@sheppardmullin.com
              slee@sheppardmullin.com

Attorneys for Defendant
SQUARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MISHARI ALEISA and NICOLE BELLUOMINI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-00806-EMC<br><br>CLASS ACTION<br><br>**DECLARATION OF YU-SHAN FUNG IN SUPPORT OF SQUARE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER ARTICLE III**<br><br>Date: May 28, 2020<br>Time: 1:30 p.m.<br><br>Hon. Edward M. Chen<br>Courtroom 5 – 17th Floor |

DECLARATION OF YU-SHAN FUNG

I, Yu-Shan Fung, declare as follows:

1.    I am the Engineering Manager at defendant Square, Inc. ("Square").  I have been employed by Square since September 2015.  I have been responsible for, among other things, the Square Loyalty Product.

2.    Square is a San Francisco-based company, founded over ten years ago to enable businesses (i.e. Square's "sellers") to accept card payments.  Square's mission is

1   economic empowerment, providing a cohesive commerce ecosystem that helps sellers

2   start, run, and grow their businesses.

3          3.     I have knowledge of Square's procedures relating to seller loyalty

4   programs and procedures for sending loyalty program text messages to individuals who

5   request them from Square's sellers.

6          4.     I have access to Square's business records, including to data and code

7   stored on Square's internal computer systems and records relating to the phone number

8   xxx-xxx-4446 that Plaintiff Nicole Belluomini claims belongs to her.  The files, records,

9   and related documents referenced herein were made at or about the time of the events

10  recorded.  It is Square's practice to maintain such records, materials, and related

11  documents in the regular course of its business.  I have knowledge of the facts set forth in

12  this declaration, based on my personal knowledge and/or based on my review of Square's

13  systems and records, which Square maintains in the usual course of business.  If called as a

14  witness, I could and would be competent to testify to these facts.

15         5.     Square's business records confirm the statement in paragraph 81 of

16  the Complaint in this matter that on May 12, 2017, Plaintiff Nicole Belluomini visited and

17  made a purchase at the Taste Kitchen & Table ("Taste") in Fairfax, California.

18         6.     As part of the purchase at Taste, Plaintiff Belluomini would have seen

19  a screen inviting her to provide her phone number if she wanted to earn rewards as part of

20  Taste's loyalty program.

21         7.     On that screen, she would have been advised to "Claim a star today."

22  She then had an option to "Enter Phone Number to Earn Rewards" or to decline by

23  pressing "No Thanks."  Attached as **Exhibit A** is a true and correct reproduction of a

24  screen that is substantially similar to what Plaintiff Belluomini would have seen during the

25  loyalty enrollment process at Taste on May 12, 2017, and which contains the exact same

26  written disclosures she would have seen.

27         8.     Instead of pressing "No Thanks," Plaintiff Belluomini elected to earn

28  a reward by providing her phone number.

9.     Once Plaintiff Belluomini provided her phone number, the same screen was then updated to present Plaintiff Belluomini with the following disclosure immediately below her phone number: "By claiming your stars you will get automated marketing texts associated with the loyalty program.  Joining this program is not a condition of purchase."  Attached hereto as **Exhibit B** is a true and correct reproduction of the dynamic screen that is substantially similar to the updated screen that would have been presented to Plaintiff Belluomini during the loyalty enrollment process after she entered her phone number, with the same disclosure language and similar formatting.  Only the retail information would have been different.

10.     Plaintiff Belluomini again had the option of clicking a box titled "No Thanks."  Instead, she clicked the box "Claim Your Star" at 8:26 a.m. PST.  Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff Belluomini's loyalty program registration record, showing "Event Type" "2" on May 12, 2017, which means Plaintiff Belluomini registered for the seller's loyalty program on the Square device at the store, and "Event Type" "5" immediately after that, meaning Plaintiff Belluomini earned points by making a purchase.

11.     Only after Plaintiff Belluomini provided her phone number and clicked "Claim Your Star," did Plaintiff Belluomini receive the *single* text message on May 12, 2017, which stated, "You just got your first loyalty star from Taste Kitchen & Table!  Click for program details . . ."

12.     Plaintiff Belluomini received only one loyalty text message total, which she initiated by pressing the "Claim Your Star" button.  Square has no record of Plaintiff receiving any other loyalty program text messages.  Attached hereto as **Exhibit D** is a true and correct copy of the loyalty text record for Plaintiff Belluomini.

13.     Plaintiff Belluomini made the text message here by agreeing to Taste's loyalty program, providing her phone number, and pressing the "Claim Your Star" button.  By doing so, Plaintiff Belluomini initiated the text message, which then went in one continuous electronic stream from Taste, to Square's vendor, then to Plaintiff.  No

-3-

Case No. 3:20-cv-00806-EMC
DECLARATION IN SUPPORT OF SQUARE'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION UNDER ARTICLE III

separate action was required by either Taste, the vendor, or Square to "make" or initiate the text message.

14.     In fact, Plaintiff Belluomini's loyalty record (**Ex. C**) and text record (**Ex. D**) shows that she registered for the seller's loyalty program on the Square device on May 12, 2017 at "15:26:28" UTC (i.e. 8:26 a.m. PST), and received one text message immediately thereafter at "8:26:28" a.m. PST.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of April, 2020, at Los Altos, California.

DocuSigned by:

*Yu-Shan Fung*

7D2D3AA3911E479...

YU-SHAN FUNG

DECLARATION IN SUPPORT OF SQUARE'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION UNDER ARTICLE III