# EXHIBIT C

EXHIBIT C
- 52 -



# PUBLIC NOTICE

**Federal Communications Commission**
**445 12th S., S.W.**
**Washington, D.C. 20554**

News Media Information 202 / 418-0500
Internet: https://www.fcc.gov
TTY: 1-888-835-5322

---

**DA 18-1014**

**Released:  October 3, 2018**

**CONSUMER AND GOVERNMENTAL AFFAIRS BUREAU SEEKS FURTHER COMMENT ON INTERPRETATION OF THE TELEPHONE CONSUMER PROTECTION ACT IN LIGHT OF THE NINTH CIRCUIT'S *MARKS V. CRUNCH SAN DIEGO, LLC* DECISION**

**CG Docket No. 18-152**
**CG Docket No. 02-278**

**Comment Date:  October 17, 2018**
**Reply Comment Date:  October 24, 2018**

With this Public Notice, we seek further comment on one issue related to interpretation and implementation of the Telephone Consumer Protection Act (TCPA),[1] following the recent decision of the U.S. Court of Appeals for the Ninth Circuit in *Marks v. Crunch San Diego, LLC*.[2]  We seek comment here to supplement the record developed in response to our prior Public Notice seeking comment on the U.S. Court of Appeals for the D.C. Circuit's opinion in *ACA International v. FCC*.[3]

Specifically, we seek further comment on what constitutes an "automatic telephone dialing system."[4]  The TCPA defines an automatic telephone dialing system as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, *using a random or sequential number generator*; and (B) to dial such numbers."[5]  The *Marks* court declared "the statutory language ambiguous on its face" as to the question of whether the phrase "using a random or sequential number generator"

---

[1] The TCPA is codified at 47 U.S.C. § 227.  The Commission's implementing rules are codified at 47 CFR § 64.1200.

[2] *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 WL 4495553 (9th Cir. Sept. 20, 2018).

[3] *Consumer and Governmental Affairs Bureau Seeks Comments on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision,* CG Docket Nos. 18-152 and 02-278, Public Notice, DA 18-493 (rel. May 14, 2018) (*ACA Public Notice*); *ACA Int'l et al. v. FCC*, 885 F.3d 687 (D.C. Cir. 2018) (mandate issued May 8, 2018), *aff'g in part and vacating in part Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd 7961 (2015) (*2015 TCPA Declaratory Ruling and Order*).

[4] 47 U.S.C. § 227(a)(1).

[5] *Id.* (emphasis added).

EXHIBIT C
- 53 -

modifies both "store" and "produce."[6]  The *Marks* court then read the phrase "using a random or sequential number generator" not to apply to equipment that has the capacity "to store numbers to be called."[7]  In other words, the court interpreted the statutory language expansively so that an "automatic telephone dialing system" is "not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to store numbers and to dial stored numbers automatically."[8]  The *ACA* court, however, held that the TCPA unambiguously foreclosed any interpretation that "would appear to subject ordinary calls from any conventional smartphone to the Act's coverage."[9]

We seek further comment on how to interpret and apply the statutory definition of automatic telephone dialing system, including the phrase "using a random or sequential number generator," in light of the recent decision in *Marks*, as well as how that decision might bear on the analysis set forth in *ACA International*.  To the extent the statutory definition is ambiguous, how should the Commission exercise its discretion to interpret such ambiguities here?[10]  Does the interpretation of the *Marks* court mean that any device with the capacity to dial stored numbers automatically is an automatic telephone dialing system?  What devices have the capacity to store numbers?  Do smartphones have such capacity?  What devices that can store numbers also have the capacity to automatically dial such numbers?  Do smartphones have such capacity?  In short, how should the Commission address these two court holdings?  We also seek comment on any other issues addressed in the *Marks* decision that the Commission should consider in interpreting the definition of an "automatic telephone dialing system."

Pursuant to sections 1.2 and 1.429 of the Commission's rules,[11] interested parties may file comments and reply comments on or before the dates indicated on the first page of this document.  Comments may be filed using the Commission's Electronic Comment Filing System (ECFS).  *See Electronic Filing of Documents in Rulemaking Proceedings*, 63 FR 24121 (1998).

☐ Electronic Filers:  Comments may be filed electronically using the Internet by accessing the ECFS:  http://www.fcc.gov/ecfs/.

☐ Paper Filers:  Parties who choose to file by paper must file an original and one copy of each filing.  If more than one docket or rulemaking number appears in the caption of this proceeding, filers must submit two additional copies for each additional docket or rulemaking number.

Filings can be sent by hand or messenger delivery, by commercial overnight courier, or by first-class or overnight U.S. Postal Service mail.  All filings must be addressed to the Commission's Secretary, Office of the Secretary, Federal Communications Commission.

☐ All hand-delivered or messenger-delivered paper filings for the Commission's Secretary must be delivered to FCC Headquarters at 445 12th St., SW, Room TW-A325, Washington, DC 20554.  The filing hours are 8:00 a.m. to 7:00 p.m.  All hand deliveries must be held together with rubber bands or fasteners.  Any envelopes and boxes must be disposed of before entering the building.

---

[6] *Marks*, 2018 WL 4495553, at *8; *see also ACA Int'l*, 885 F.3d at 703 (stating that, with respect to whether the definition of automatic telephone dialing system could include a device that could only dial numbers from a stored list, "[i]t might be permissible for the Commission to adopt either interpretation").

[7] *Marks*, 2018 WL 4495553, at *9.

[8] *Id.*

[9] *ACA Int'l*, 885 F.3d at 692.

[10] *See Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 740-41 (1996).

[11] 47 CFR §§ 1.2, 1.429.

2

EXHIBIT C
- 54 -

☐   Commercial overnight mail (other than U.S. Postal Service Express Mail and Priority Mail) must be sent to 9050 Junction Drive, Annapolis Junction, MD 20701.

☐   U.S. Postal Service first-class, Express, and Priority mail must be addressed to 445 12th Street, SW, Washington, DC 20554.

People with Disabilities:  To request materials in accessible formats for people with disabilities (Braille, large print, electronic files, audio format), send an e-mail to fcc504@fcc.gov or call the Consumer & Governmental Affairs Bureau at 202-418-0530 (voice), 202-418-0432 (tty).

*Ex Parte Rules*.  This proceeding has been designated as a "permit-but-disclose" proceeding in accordance with the Commission's *ex parte* rules.[12]  Persons making *ex parte* presentations must file a copy of any written presentation or a memorandum summarizing any oral presentation within two business days after the presentation (unless a different deadline applicable to the Sunshine period applies). Persons making oral *ex parte* presentations are reminded that memoranda summarizing the presentation must: (1) list all persons attending or otherwise participating in the meeting at which the *ex parte* presentation was made; and (2) summarize all data presented and arguments made during the presentation.  If the presentation consisted in whole or in part of the presentation of data or arguments already reflected in the presenter's written comments, memoranda, or other filings in the proceeding, the presenter may provide citations to such data or arguments in his or her prior comments, memoranda, or other filings (specifying the relevant page and/or paragraph numbers where such data or arguments can be found) in lieu of summarizing them in the memorandum.  Documents shown or given to Commission staff during *ex parte* meetings are deemed to be written *ex parte* presentations and must be filed consistent with section 1.1206(b) of the Commission's rules.[13]  In proceedings governed by section 1.49(f) of the rules or for which the Commission has made available a method of electronic filing, written *ex parte* presentations and memoranda summarizing oral *ex parte* presentations, and all attachments thereto, must be filed through the electronic comment filing system available for that proceeding, and must be filed in their native format (*e.g.*, .doc, .xml, .ppt, searchable .pdf).[14]  Participants in this proceeding should familiarize themselves with the Commission's *ex parte* rules.

*Additional Information*.  For further information, contact Kristi Thornton of the Consumer and Governmental Affairs Bureau at (202) 418-2467 or Kristi.Thornton@fcc.gov; Christina Clearwater at (202) 418-1893 or Christina.Clearwater@fcc.gov; or Karen Schroeder at (202) 418-0654 or Karen.Schroeder@fcc.gov.

---

[12] *See id.* §§ 1.1200 *et seq.*; *see also ACA Public Notice* at 6.

[13] 47 CFR § 1.1206(b).

[14] *Id.* § 1.49(f).

EXHIBIT C