# **EXHIBIT A**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
LISA S. YUN, Cal. Bar No. 280812
SIEUN J. LEE, Cal. Bar No. 311358
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691
E mail       spetersen@sheppardmullin.com
             lyun@sheppardmullin.com
             slee@sheppardmullin.com

Attorneys for Defendant
SQUARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MISHARI ALEISA and NICOLE BELLUOMINI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-00806-EMC<br><br>CLASS ACTION<br><br>**SQUARE, INC.'S AMENDED ANSWER TO COMPLAINT**<br><br>Hon. Edward M. Chen<br>Courtroom 5 – 17th Floor |

Defendant Square, Inc. ("Square") submits the following amended answer and affirmative defenses to the complaint of Plaintiff Mishari Aleisa ("Aleisa").

## **NATURE OF THE CASE**

1. Square denies the allegations of paragraph 1.

2. Square lacks sufficient knowledge or information regarding the allegations in paragraph 2 and on that basis denies them.

3. Square lacks sufficient knowledge or information regarding the allegations in paragraph 3 and on that basis denies them.

4. Square lacks sufficient knowledge or information regarding the allegations in paragraph 4 and on that basis denies them.

5. Square lacks sufficient knowledge or information regarding the allegations in paragraph 5 and on that basis denies them.

6. Square lacks sufficient knowledge or information regarding the allegations in paragraph 6 and on that basis denies them

7. Square denies the allegations of paragraph 7.

8. Square denies the allegations of paragraph 8.

9. Square denies the allegations of paragraph 9.

10. Square admits the allegations of paragraph 10.

11. Square admits the allegations of paragraph 11.

12. Square denies that it requires consumers to enter their cell phone numbers, but otherwise admits the allegations of paragraph 12.

13. Square denies the allegations of paragraph 13.

14. Square lacks sufficient knowledge or information regarding the allegations in paragraph 14 and on that basis denies them

15. Square denies the allegations of paragraph 15.

16. Square denies the allegations of paragraph 16.

17. Square denies the allegations of paragraph 17.

18. Square denies the allegations of paragraph 18.

19. Square denies the allegations of paragraph 19.

**JURISDICTION AND VENUE**

14. [Plaintiffs mistakenly number the paragraphs of their Complaint, from paragraph 19 going back to paragraph 14. To minimize confusion, Square tracks Plaintiffs' mistake.] In paragraph 14 of the complaint, Plaintiffs allege legal

1  conclusions for which no response is required, but Square admits that Plaintiffs sue
2  for alleged violation of federal law but denies that this court has subject matter
3  jurisdiction.
4    15.  In response to the allegations of paragraph 15, Square does not respond
5  to the legal conclusions about personal jurisdiction but admits that Square is located
6  in this District and that the conduct at issue in this case occurred in, among other
7  locations, California.
8    16.  In response to the allegations of paragraph 16, Square does not respond
9  to the legal conclusions about venue but admits that Square is a California business
10 with its principal place of business in San Francisco, California, and that a
11 substantial portion of the events alleged by Plaintiffs individually occurred within
12 this District.

**PARTIES**

15   17.  Square lacks sufficient knowledge or information regarding the
16 allegations in paragraph 17 and on that basis denies them.
17   18.  Square lacks sufficient knowledge or information regarding the
18 allegations in paragraph 18 and on that basis denies them.
19   19.  Square admits the allegations of paragraph 19.
20   20.  In paragraph 20, Plaintiffs allege legal conclusions about whether
21 Square is a "person" under 47 U.S.C. § 153(39) for which no response is required.

**BACKGROUND OF THE TCPA**

24   21.  In paragraph 21, Plaintiffs allege legal conclusions about the Telephone
25 Consumer Protection Act ("TCPA") for which no response is required.
26   22.  In paragraph 22, Plaintiffs allege legal conclusions about the TCPA for
27 which no response is required.

1   23.   In paragraph 23, Plaintiffs allege legal conclusions about the TCPA for
2  which no response is required.
3   24.   In paragraph 24, Plaintiffs allege legal conclusions about the TCPA for
4  which no response is required.
5   25.   In paragraph 25, Plaintiffs allege legal conclusions about the TCPA for
6  which no response is required.
7   26.   In paragraph 26, Plaintiffs allege legal conclusions about the TCPA for
8  which no response is required.
9   27.   In paragraph 27, Plaintiffs allege legal conclusions about the TCPA for
10  which no response is required.
11   28.   In paragraph 28, Plaintiffs allege legal conclusions about the TCPA for
12  which no response is required.
13   29.   In paragraph 29, Plaintiffs allege legal conclusions about the TCPA for
14  which no response is required.
15   30.   In paragraph 30, Plaintiffs allege legal conclusions about the TCPA for
16  which no response is required.
17   31.   In paragraph 31, Plaintiffs allege legal conclusions about the TCPA for
18  which no response is required.
19
20   **FACTUAL ALLEGATIONS**
21   32.   Square admits the allegations of paragraph 32.
22   33.   Square admits the allegations of paragraph 33.
23   34.   Square admits that it does not directly contract with the consumers of
24  its clients, but denies the remaining allegations of paragraph 34.
25   35.   Square admits the allegations of paragraph 35.
26   36.   Square admits the allegations of paragraph 36.
27
28

1    37.    Square admits that the allegations of paragraph 37 illustrate one of many different variations of screens, but otherwise denies the allegations of paragraph 37.

38.    Square admits that the allegations of paragraph 38 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations.

39.    Square denies the allegations of paragraph 39.

40.    Square admits that the allegations of paragraph 40 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations.

41.    Square admits that the allegations of paragraph 41 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations.

42.    Square admits that the allegations of paragraph 42 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations.

43.    Square denies the allegations of paragraph 43.

44.    Square admits that the allegations of paragraph 44 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations.

45.    Square admits that the allegations of paragraph 45 incompletely describe one of many different variations of disclosures and process, but otherwise denies the allegations, and denies that the disclosures are "miniscule."

46.    Square lacks sufficient knowledge or information regarding the allegations in paragraph 46 and on that basis denies them.

47.    Square denies the allegations of paragraph 47.

48.    Square denies the allegations of paragraph 48.

49. Square admits that the allegations of paragraph 49 incompletely describe one of many different variations of screens a consumer may see, but otherwise denies the allegations.

50. Square denies the allegations of paragraph 50.

51. Square admits the quoted language has been on its website, but otherwise denies the allegations of paragraph 51.

52. Square denies the allegations of paragraph 52.

53. Paragraph 53 incompletely describes the statements on Square's website and on that basis Square denies the allegations of paragraph 53.

54. Square denies the allegations of paragraph 54.

55. Square denies the allegations of paragraph 55.

56. Square admits that the allegations of paragraph 56 partially but incompletely describe the statements on Square's website and otherwise denies the allegations.

## FACTS SPECIFIC TO PLAINTIFFS

*Plaintiff Mishari Aleisa*

57. Square lacks sufficient knowledge or information regarding the allegations in paragraph 57 and on that basis denies them.

58. Square admits the allegations of paragraph 58.

59. Square lacks sufficient knowledge or information regarding the allegations in paragraph 59 and on that basis denies them.

60. In response to the allegations of paragraph 60, Square admits that Plaintiff Aleisa confirmed his telephone number to join the loyalty program at Samovar when he was presented with a screen that invited him to do so and also with the disclosure stating: "By entering your phone number, you will receive automated texts associated with your loyalty program. Joining this program is not a condition of purchase." Square otherwise denies the allegations of paragraph 60.

1  61. In response to the allegations of paragraph 61, Square admits that after Plaintiff Aleisa confirmed his phone number on the screen with the automated text disclosure and tapped a confirmation button, Plaintiff Aleisa received one text message stating, "You just got your first 1 Star from Samovar on Fillmore!" Square otherwise denies the allegations of paragraph 61.

62. Square admits the allegations of paragraph 62.

63. Square admits the allegations of paragraph 63.

64. Square denies the allegations of paragraph 64.

65. In response to the allegations of paragraph 65, Square admits that after Plaintiff Aleisa was presented with a screen with the disclosure stating, "By entering your phone number above, you will receive automated texts associated with your loyalty program. Joining this program is not a condition of purchase[,]" Plaintiff Aleisa confirmed his phone number, tapped a confirmation button and received one text message stating "You just got your first 1 Star from Asha Tea House (Berkeley)!" Square otherwise denies the allegations of paragraph 65.

66. Square admits the allegations of paragraph 66.

67. Square admits the allegations of paragraph 67.

68. Square denies the allegations of paragraph 68.

69. In response to the allegations of paragraph 69, Square admits that after Plaintiff Aleisa was presented with a screen with the disclosure stating, "By entering your phone number, you will receive automated texts associated with your loyalty program. Joining the program is not a condition of purchase[,]" Plaintiff Aleisa confirmed his phone number, tapped a confirmation button, and received one text message stating, "You just got your first 1 Star from Avenues!" Square otherwise denies the allegations of paragraph 69.

70. Square lacks sufficient knowledge or information regarding the allegations in paragraph 70 and on that basis denies them.

1  71.  In response to the allegations of paragraph 71, Square admits that after Plaintiff Aleisa requested a text message containing his current loyalty status, Plaintiff received a text message stating, "Welcome to SMS messages from Square – Reply w/ 'HELP' for more or 'END' to unsubscribe from receiving messages, std rates apply."  Square otherwise denies the allegations of paragraph 71.

72.  Square lacks sufficient knowledge or information regarding the allegations in paragraph 72 and on that basis denies them.

73.  Square denies the allegations of paragraph 73.

74.  Square denies the allegations of paragraph 74.

75.  Square admits that Plaintiff Aleisa provided his telephone number to Samovar to receive a receipt for his purchase and rewards points, but denies the remaining allegations of paragraph 75.

76.  Square denies the allegations of paragraph 76.

77.  Square denies the allegations of paragraph 77.

78.  Square admits the text messages were not sent for an emergency purpose, but otherwise denies the allegations of paragraph 78.

79.  Square denies the allegations of paragraph 79.

*Plaintiff Nicole Belluomini*

80.  Square lacks sufficient knowledge or information regarding the allegations in paragraph 80 and on that basis denies them.

81.  Square admits the allegations of paragraph 81.

82.  Square admits the allegations of paragraph 82.

83.  Square admits that Plaintiff Belluomini did not request a copy of her digital receipt but denies that Plaintiff Belluomini did not provide her phone number to earn loyalty rewards at Taste.  Plaintiff Belluomini confirmed her phone number after she was presented with the automated text disclosure and tapped "Claim Your Star" to join the Taste loyalty program.

84. In response to the allegations of paragraph 84, Square admits that after Plaintiff Belluomini confirmed her phone number and was presented with the disclosure stating, "By claiming your stars you will get automated marketing texts associated with the loyalty program. Joining this program is not a condition of purchase[,]" Plaintiff Belluomini ignored the option to click "No Thanks," tapped the box "Claim Your Star," and received one text message from Taste Kitchen & Table. Square otherwise denies the allegations of paragraph 84.

85. Square lacks sufficient knowledge or information regarding the allegations in paragraph 85 and on that basis denies them.

86. Square lacks sufficient knowledge or information regarding the allegations in paragraph 86 and on that basis denies them.

87. Square denies the allegations of paragraph 87.

88. Square denies the allegations of paragraph 88.

89. Square denies the allegations of paragraph 89.

90. Square denies the allegations of paragraph 90.

91. Square admits the text message was not sent for an emergency purpose, but otherwise denies the allegations of paragraph 91.

92. Square denies the allegations of paragraph 92.

## STANDING

93. In paragraph 93 of the complaint, Plaintiffs allege legal conclusions about federal question jurisdiction for which no response is required. Nevertheless, Square denies that Plaintiffs have suffered any actual injury.

94. In paragraph 94 of the complaint, Plaintiffs allege legal conclusions for which no response is required.

95. In paragraph 95 of the complaint, Plaintiffs allege legal conclusions for which no response is required.

96. In paragraph 96 of the complaint, Plaintiffs allege legal conclusions for which no response is required.

97. Square denies the allegations of paragraph 97.

98. Square denies the allegations of paragraph 98.

99. In paragraph 99 of the complaint, Plaintiffs allege legal conclusions for which no response is required.

100. Square denies the allegations of paragraph 100.

101. In paragraph 101 of the complaint, Plaintiffs allege legal conclusions for which no response is required.

102. In response to the allegations of paragraph 102, Square admits that Plaintiffs' Prayers for Relief include a request for damages but denies that Plaintiffs have suffered any damage and denies that they are entitled to any relief.

103. Square denies the factual allegations of paragraph 103 and does not respond to the legal conclusions.

104. In response to the allegations of paragraph 104, Square admits that Plaintiffs' Prayers for Relief includes a request for injunctive relief but denies that Plaintiffs are entitled to any relief and denies all remaining allegations.

105. Square denies the factual allegations of paragraph 105 and does not respond to the legal conclusions.

106. Square denies the allegations of paragraph 106.

## **CLASS ALLEGATIONS**

107. In response to paragraph 107, Square admits that Plaintiffs bring this action under Federal Rule of Civil Procedure 23 on behalf of themselves individually and on behalf of a purported class, but denies that any class should be certified here and denies all remaining allegations.

108. In response to paragraph 108, Square admits that Plaintiffs purport to exclude certain individuals from the "class" but denies that any such class exists.

109. In response to paragraph 109, Square admits that Plaintiffs purport to reserve their rights with respect to redefining the "class" but denies that any such class exists.

110. Square denies the allegations of paragraph 110.

111. Square denies the allegations of paragraph 111.

112. Square denies the allegations of paragraph 112.

113. Square denies the allegations of paragraph 113.

114. Square denies the allegations of paragraph 114.

115. Square denies the allegations of paragraph 115.

116. Square denies the allegations of paragraph 116.

117. Square denies the allegations of paragraph 117.Square denies the allegations of paragraph 118.Square denies the allegations of paragraph 119.Square denies the allegations of paragraph 120.Square lacks sufficient knowledge or information regarding the allegations in paragraph 121 and on that basis denies them.Square lacks sufficient knowledge or information regarding the allegations in paragraph 122 and on that basis denies them.

123. Square lacks sufficient knowledge or information regarding the allegations in paragraph 123 and on that basis denies them.Square lacks sufficient knowledge or information regarding the allegations in paragraph 124 and on that basis denies them.Square denies the allegations of paragraph 125.

126. Square denies the allegations of paragraph 126.Square denies the allegations of paragraph 127.

128. In response to paragraph 128, Square admits that Plaintiffs seek damages and injunctive relief on behalf of a putative "class" but denies that any such class exists and denies that Plaintiffs are entitled to any relief.  Square admits that Plaintiffs do not expressly request any recovery for personal injury and related claims.

# CAUSES OF ACTION

## COUNT I

129. Though no response is required to paragraph 129, Square incorporates its previous responses.

130. In paragraph 130, Plaintiffs allege legal conclusions for which no response is required. Square denies that a "class" exists.

131. In response to the allegations of paragraph 131, Square admits that the text messages did not serve an emergency purpose, but otherwise denies the allegations.

132. Square denies the allegations of paragraph 132.

133. In paragraph 133, Plaintiffs allege legal conclusions for which no response is required. Square denies the allegations of paragraph 134.

135. Square denies the allegations of paragraph 135.

136. Square denies the allegations of paragraph 136.

137. Square denies the allegations of paragraph 137.

138. Square denies the allegations of paragraph 138.

139. Square denies the allegations of paragraph 139.**COUNT II**

140. Though no response is required to paragraph 140, Square incorporates its previous responses.

141. In paragraph 141, Plaintiffs allege legal conclusions for which no response is required. Square denies that any "class" exists.

142. In response to the allegations of paragraph 142, Square admits that the text messages did not serve an emergency purpose, but otherwise denies the allegations.

143. Square denies the allegations of paragraph 143.

144. In paragraph 144, Plaintiffs allege legal conclusions for which no response is required.

145. Square denies the allegations of paragraph 145.

1    146.   Square denies the allegations of paragraph 146.
2    147.   Square denies the allegations of paragraph 147.
3    148.   Square denies the allegations of paragraph 148.
4    149.   Square denies the allegations of paragraph 149.
5    150.   Square denies the allegations of paragraph 150.

## PRAYER FOR RELIEF

Square denies that Plaintiffs are entitled to any relief in connection with the allegations set forth in the Complaint, including without limitation, the relief sought in the WHEREFORE clause.

## DEMAND FOR JURY TRIAL

Square acknowledges that Plaintiffs demand a trial by jury but does not respond to Plaintiffs' legal conclusion that they are entitled to one.

## AFFIRMATIVE DEFENSES

Without conceding that it has the burden of proof as to any of these matters, Square asserts its affirmative defenses to the complaint as follows, based on information, belief, and preliminary investigation, and to reserve rights and prevent any claim of waiver:

## FIRST AFFIRMATIVE DEFENSE

**Prior Express Consent**

1.    Plaintiffs—or their agent, sibling, predecessor-in-interest, spouse, relative, friend, or other appropriate person—gave sufficient prior express consent for any calls or texts by providing their phone numbers and agreeing to enroll in the loyalty program and to receive automated text messages.

## SECOND AFFIRMATIVE DEFENSE

### Waiver

2. The doctrine of waiver bars Plaintiffs from recovering. In particular, Plaintiffs provided and/or confirmed their phone numbers after they were presented with automated text message disclosures, and elected to enroll in merchant loyalty programs instead of tapping a button to opt out. Accordingly, Plaintiffs voluntarily waived any right to privacy or statutory right not to receive the text messages they agreed to receive.

## THIRD AFFIRMATIVE DEFENSE

### Estoppel

3. The doctrine of estoppel bars Plaintiffs from recovering. In particular, Plaintiffs provided and/or confirmed their phone numbers after they were presented with automated text message disclosures, and elected to enroll in merchant loyalty programs instead of tapping a button to opt out. Further, Plaintiff Aleisa submitted a text message requesting his loyalty status. Accordingly, Plaintiffs, by their own conduct, intentionally or deliberately led Square to believe they provided prior express consent to receive the text messages at issue and therefore are estopped from contradicting their own conduct.

## FOURTH AFFIRMATIVE DEFENSE

### Fault of Plaintiffs

4. Plaintiffs, by their own conduct, caused or contributed to their damages, if any. In particular, by providing their own phone numbers, enrolling in the loyalty program, and pressing the confirmation button, Plaintiffs initiated and made the text messages at issue here, which they sent to themselves.

## FIFTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

5. Plaintiffs have failed to mitigate any damages including by choosing not to opt-out of receiving additional text messages.

## SIXTH AFFIRMATIVE DEFENSE

### No Knowing or Willful Misconduct

6. Any conduct or violation by Square was not knowing or willful. In good faith, Square designed and implemented a loyalty program to provide consumer with a clear choice on whether to enroll in the loyalty program and to receive texts messages relating to that program. Square intended that loyalty text messages would only be sent after Plaintiffs provided their prior express consent to such messages. Square did not intend to violate the TCPA or any law. Plaintiffs never opted-out of receiving the text messages and no text messages were sent to Plaintiffs after any such opt-out.

## SEVENTH AFFIRMATIVE DEFENSE

### Due Process

7. Plaintiffs' statutory damage claim fails to meet the requirements of the law, violates Square's due process rights protected by the U.S. and California Constitutions, and violates the constitutional prohibition against excessive fines.

## EIGHTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

8. Plaintiffs have failed to join indispensable parties. In particular, any third party individual who confirmed and enrolled the phone numbers at issue in the merchant loyalty programs instead of tapping a button to opt out is responsible for sending the text messages at issue. Square did not send the text messages at issue. Moreover, Plaintiffs have not joined the vendors whose equipment was used to facilitate the text messages.

## NINTH AFFIRMATIVE DEFENSE

### Constitutional Defense

9. Plaintiffs' claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment. In particular, the statutory penalties under the TCPA of $500 to $1,500 per text, particularly when

applied on a class basis, are so harsh and severe as to violate the Due Process Clause. Further, the TCPA, including FCC regulations under the Telemarketing Rule, improperly restrain free speech protected by the First Amendment.

### TENTH AFFIRMATIVE DEFENSE

#### Unclean Hands

10. The doctrine of unclean hands bars Plaintiffs from recovering. Plaintiffs provided their phone numbers, enrolled in the loyalty program, and initiated and made the text messages at issue, which they now claim violate the TCPA.

### ELEVENTH AFFIRMATIVE DEFENSE

#### Laches

11. Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Square and, thus, Plaintiffs' claims are barred by the equitable doctrine of laches. In particular, Plaintiff Belluomini received only one loyalty text message, in 2017, and waited nearly three years to file suit claiming violation of the TCPA and injury and damage due to invasion of privacy. Similarly, Plaintiff Aleisa complains of text messages received in 2018, but waited two years to file suit.

### TWELFTH AFFIRMATIVE DEFENSE

#### Fault of Third Parties

12. Third parties to this action caused or contributed to Plaintiffs' damages. In particular, any third party individual who may have confirmed and enrolled the phone numbers at issue in the merchant loyalty programs instead of tapping a button to opt out is responsible for sending the text messages at issue. Square did not send the text messages at issue. Further, third party vendors facilitated the text messages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### No Vicarious Liability

13. Square did not initiate or make the text messages here. Instead, Plaintiffs themselves initiated and made the text messages. Square of course cannot be liable for the conduct of Plaintiffs themselves. Further, Square cannot be vicariously liable for the conduct of the vendors who facilitated the text messages because Square did not exercise sufficient control over those third party vendors, who acted as independent contractors and not as agents of Square.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Agency

14. Anyone who may have made the alleged texts was not an employee or agent of Square, and thus Square cannot be liable. Square did not send the text messages at issue. Instead, Plaintiffs themselves initiated and made the text messages themselves. The vendors who facilitated the transmission of the text messages were independent contractors and not agents of Square.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Ratification

15. Square did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Subject Matter Jurisdiction

16. This Court lacks subject matter jurisdiction of this action under Article III of the U.S. Constitution because Plaintiffs did not suffer any actual injury-in-fact due to the texts messages they agreed to and received. The text messages did not invade privacy or otherwise cause sufficient injury or loss. Moreover, because Plaintiffs themselves initiated and made the text messages, any injury is not fairly traceable to Square.

## RESERVATION OF RIGHT TO AMEND

Square reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

## PRAYER FOR RELIEF

Square prays for relief as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That judgment be entered in Square's favor;
3. That Square be awarded its reasonable costs and, if applicable, fees; and
4. That Square be awarded such other and further relief as this Court deems just and proper.

Dated: _____, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
LISA S. YUN

Attorneys for Defendant
SQUARE, INC.