Abbas Kazerounian, Esq. (SBN: 48522)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: 800.400.6808
Facsimile: 800.520.5523

Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number: (619) 233-7770
Office Fax Number: 619) 297-1022

*Counsel for Plaintiffs & the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISHARI ALEISA and NICOLE BELLUOMINI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SQUARE, INC., a Delaware Corporation,<br><br>Defendant. | **Case No.: 3:20-cv-00806-EMC**<br><br>**DECLARATION OF YANA A. HART IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT, SQUARE, INC.'S MOTIONS TO STAY PENDING THE SUPREME COURT'S DECISION IN FACEBOOK, INC. V. DUGUID AND/OR THE FCC'S DEFINITION OF ATDS** |

**DECLARATION OF YANA A. HART**

I, Yana A. Hart, declare:

1. I am an attorney admitted to the State Bar of California, and have been a member in good standing since my admission. I am licensed before this Court, and I am also admitted to the Ninth Circuit Court of Appeals. I am a senior associate attorney with the law firm, Kazerouni Law Group, APC and an attorney for plaintiffs, Mishari Aleisa and Nicole Belluomini ("Plaintiffs") and the proposed class.

2. I have personal knowledge of the following facts, and if called upon as a witness, I could and would competently testify thereto, except as to those matters, which are explicitly set forth as based upon my information and belief, and as to such matters, I am informed and believe that they are true and correct.

3. I submit this declaration in support of Plaintiffs' Opposition to Defendant Square, Inc.'s Motion(s) to Stay Pending the Supreme Court's Decision in *Facebook, Inc. v. Duguid* and/or the FCC's Definition of ATDS.

4. The Complaint for this matter was filed on February 3, 2020. (Dkt. 1)

5. On April 17, 2020, Defendant, Square, Inc. filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) [as to Plaintiff Belluomini's claims only]. [Dkt. 23]

6. On May 11, 2020, Defendant, Square, Inc. filed its first motion to stay under the primary jurisdiction doctrine, pending the FCC's clarification of the definition of ATDS. [Dkt. 25]

7. On May 14, 2020, Plaintiffs served Defendant, Square, Inc. with jurisdictional discovery.

8. On May 21, 2020, I attended the Court's Case Management Conference together with Abbas Kazerounian, during which the Court allowed the parties to conduct limited jurisdictional discovery.

9. On August 7, 2020, I attended a video deposition of Defendant, Square, Inc.'s Fed. R. Civ. P. 30(b)(6) deponent, Mr. Yu Shan Fung, held remotely.

10. A true and correct copy of the relevant excerpts from the video deposition of Mr. Yu Shan Fung is attached hereto, as **Exhibit 1.**

11. On August 7, 2020, Defendant, Square, Inc. filed its second Motion to Stay Pending Supreme Court Decision in *Facebook v. Duguid* and/or FCC's Definition of ATDS. [Dkt. 42].

12. On July 28, 2020, our office was served with interrogatories, requests for production and for inspection on both representative plaintiffs which go beyond the issue of standing.

13. A subpoena may be needed to obtain the complete records of all text messages received by Plaintiffs, especially since Defendant, Square Inc. indicated that there may be other messages that have not been produced.

14. Further, Plaintiffs anticipate needing to serve a subpoena to Defendant, Square Inc.'s vendors after the Court allows the parties to begin class discovery.

15. Should this case be placed in limbo pending the decision in *Facebook v. Duguid* and/or FCC's Definition of an ATDS, the parties may be unable to obtain the pertinent records needed for the class and/or Plaintiffs.

16. In my experience, most carriers do not keep the copies of text messages records forever, the evidence may be (and likely be) lost, should this matter be stayed.

17. I declare under the penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on Friday, August 28, 2020.

By: /s/ Yana A. Hart
Yana A. Hart, Esq.
*Attorney for Plaintiff*