SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
LISA S. YUN, Cal. Bar No. 280812
SIEUN J. LEE, Cal. Bar No. 311358
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691
Email: spetersen@sheppardmullin.com
       lyun@sheppardmullin.com
       slee@sheppardmullin.com

Attorneys for Defendant
SQUARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MISHARI ALEISA and NICOLE BELLUOMINI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SQUARE, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-00806-EMC<br><br>CLASS ACTION<br><br>**DEFENDANT SQUARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING THE SUPREME COURT'S DECISION IN *FACEBOOK, INC. V. DUGUID* AND/OR THE FCC'S DEFINITION OF ATDS**<br><br>Date: October 1, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 – 17th Floor<br><br>Trial Date: None set<br>Complaint Filed: 2/03/2020 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 1

II. THE COURT SHOULD STAY THIS ACTION PENDING *DUGUID* .................... 1

    A.    A Stay Will Simplify The Issues In This Case ............................................... 2

    B.    A Stay Will Not Pose Any Significant Risk Or Prejudice To Plaintiffs ......... 5

    C.    The Balance of Hardships Weighs in Favor of a Stay ................................... 7

III. THE COURT SHOULD STAY THIS ACTION PENDING FCC RULING ............ 9

IV. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*
No. 17-cv-03328-EMC (N.D. Cal. Jan. 26, 2018) ........................................................... 6

*Abu-Hajar v. AutoNation, Inc.*
2017 WL 10591886 (C.D. Cal. Aug. 17, 2017) .......................................................... 2, 7

*ACA Int'l. Rose v. Sw. Credit Sys., L.P.*
2015 U.S. Dist. LEXIS 195291 (C.D. Cal. Nov. 30, 2015) ........................................ 6, 8

*Alvarado v. United States*
2016 U.S. Dist. LEXIS 152813 (C.D. Cal. Oct. 14, 2016) ............................................. 3

*Alvarez v. T-Mobile USA, Inc.*
2010 WL 5092971 (E.D. Cal. Dec. 7, 2010) ................................................................. 8

*Ambrezewicz v. LeadPoint, Inc.*
2017 WL 8185862 (C.D. Cal. May 8, 2017) ................................................................. 4

*Barnes v. CS Mktg. LLC*
430 F. Supp. 3d 1309 (S.D. Fla. Jan. 2, 2020) ............................................................. 10

*Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*
2014 WL 2759571 (N.D. Cal. June 17, 2014) ............................................................... 7

*Cabiness v. Educ. Fin. Sols., LLC*
2017 WL 167678 (N.D. Cal. Jan. 17, 2017) .................................................................. 6

*Canady v. Bridgecrest Acceptance Corp.*
2020 WL 5249263 (D. Ariz. Sept. 3, 2020) ................................................................ 1, 2

*Chattanond v. Discover Fin. Servs., LLC*
2016 U.S. Dist. LEXIS 24700 (C.D. Cal. Feb. 26, 2016) .............................................. 7

*Cook v. Rent-A-Ctr., Inc.*
2017 WL 4270203 (E.D. Cal. Sept. 26, 2017) ........................................................... 3, 8

*Crooks v. Rady Children's Hosp.*
2017 U.S. Dist. LEXIS 168085 (S.D. Cal. Oct. 10, 2017) ............................................. 8

*D.C. v. Cty. of San Diego*
2017 U.S. Dist. LEXIS 57736 (S.D. Cal. Apr. 14, 2017) .............................................. 6

*Evans v. Wal-Mart Stores, Inc.*
 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019) ............................................................................. 7

*Facebook Inc. v. Duguid*
 No. 19-511 (Sept. 4, 2020) ............................................................................ 1, 3, 4, 5, 9, 10

*Facebook, Inc. v. Power Ventures, Inc.*
 252 F. Supp. 3d 765 (N.D. Cal. 2017) ................................................................................... 3

*Guerrero v. Halliburton Energy Servs., Inc.*
 2017 WL 3116672 (E.D. Cal. July 21, 2017) ......................................................................... 3

*Hughes v. S.A.W. Entm't, LTD*
 2017 WL 6450485 (N.D. Cal. Dec. 18, 2017) ........................................................................ 2

*Izor v. Abacus Data Sys.*
 2019 U.S. Dist. LEXIS 130865 (N.D. Cal. Aug. 5, 2019) ...................................................... 8

*Jensen v. Roto-Rooter Servs. Comp.*
 No. 20-cv-00223-JCC, Doc. 27 (W.D. Wash. Aug. 20, 2020) ........................................... 1, 2

*Komaiko v. Baker Technologies, Inc.*
 No. 19-cv-03795-DMR (N.D. Cal. Aug. 11, 2020) ............................................................ 4, 5

*Larson v. Harman Mgmt. Corp.*
 2018 WL 6459964 (E.D. Cal. Dec. 10, 2018) ........................................................................ 8

*Larson v. Trans Union, LLC*
 2015 WL 3945052 (N.D. Cal. June 26, 2015) ....................................................................... 6

*Lathrop v. Uber Techs., Inc.*
 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ........................................................................... 6, 8

*Lockyer v. Mirant Corp.*
 398 F.3d 1098 (9th Cir. 2005) ................................................................................................ 8

*Lopez v. Am. Express Bank, FSB*
 2010 WL 3637755 (C.D. Cal. Sept. 17, 2010) ....................................................................... 8

*Loritz v. CMT Blues*
 2003 U.S. Dist. LEXIS 17127 (S.D. Cal. Sep. 29, 2003) ...................................................... 3

*Luna v. Shac, LLC*
 122 F. Supp. 3d 936 (N.D. Cal. 2015) ................................................................................... 9

*Nguyen v. Marketsource, Inc.*
 2018 WL 2182633 (S.D. Cal. May 11, 2018) .................................................................... 2, 8

*O'Hanlon v. 24 Hour Fitness USA, Inc.*
  2016 WL 815357 (N.D. Cal. Mar. 2, 2016) .................................................................. 6, 7

*Ontiveros v. Zamora*
  2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) ................................................................... 6

*In re Portfolio Recovery Associates, LLC, Tel. Consumer Protec. Act Litig.*
  2014 WL 12603110 (S.D. Cal. May 20, 2014) ............................................................... 10

*Provo v. Rady Children's Hosp. San Diego*
  2015 WL 6144029 (S.D. Cal. July 29, 2015) .................................................................... 5

*R & L Ltd. Invs. Inc. v. Cabot Inv. Props., Ltd. Liab. Co.*
  2010 U.S. Dist. LEXIS 107488 (D. Ariz. Sep. 21, 2010) ................................................. 3

*Reed v. Autonation, Inc.*
  2017 U.S. Dist. LEXIS 224055 (C.D. Cal. Mar. 6, 2017) ................................................ 2

*Reynolds v. Geico Corp.*
  2017 WL 815238 (D. Or. Mar. 1, 2017) ........................................................................... 7

*Robledo v. Randstad US, L.P.*
  2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ................................................................ 2, 4

*Salazar v. Cty. of L.A.*
  2016 U.S. Dist. LEXIS 190608 (C.D. Cal. Sep. 26, 2016) ............................................... 8

*Satterfield v. Simon & Schuster, Inc.*
  569 F.3d 946 (9th Cir. 2009) ............................................................................................ 9

*In re Sequenom, Inc. Stockholder Litig.*
  2019 WL 1200091 (S.D. Cal. Mar. 13, 2019) .................................................................. 3

*Stone v. Sterling Infosystems, Inc.*
  2015 WL 4602968 (E.D. Cal. July 29, 2015) ................................................................... 2

*Tuan Vo v. LoanMe, Inc.*
  2017 WL 8230897 (C.D. Cal. July 24, 2017) ................................................................... 5

*United States v. Cortez-Ruiz*
  225 F. Supp. 3d 1093 (N.D. Cal. 2016) ............................................................................ 3

*United States v. Deleon*
  2016 WL 8730866 (E.D. Cal. July 29, 2016) ................................................................... 5

*United States v. Shumilo*
  2016 U.S. Dist. LEXIS 152818 (C.D. Cal. Oct. 24, 2016) ............................................... 3

*Veytia v. Portfolio Recovery Associates, LLC*
    2020 WL 5257881 (S.D. Cal. Sept. 3, 2020) ............................................................. 1, 2

*Young v. Peraza*
    2015 U.S. Dist. LEXIS 101844 (S.D. Fla. Aug. 4, 2015) ............................................... 6

## I. INTRODUCTION

The Court should stay this action pending the Supreme Court's decision in *Duguid*, which will address the Ninth Circuit's definition of ATDS under the TCPA and resolve a circuit split.

A stay will simplify the issues. Plaintiffs concede that the definition of ATDS is critical to their putative nationwide class action claims. By June of 2021, the Supreme Court will provide a controlling definition of ATDS that will apply directly to this dispute. If the Supreme Court adopts the more narrow interpretation of ATDS—the one favored by the U.S. Government[1]—Plaintiffs' Complaint should be subject to dismissal with prejudice at the pleading stage. Even if the Supreme Court adopts a broader definition of ATDS, its decision will at least narrow the scope of discovery, and will of course control any summary judgment motion.

A stay will not pose any significant prejudice. It will be brief (lasting until no longer than June 2021). Plaintiffs face no risk of receiving additional text messages. And there is no significant risk of spoliation of evidence.

The balance of hardships weighs in favor of a stay. Absent a stay, the Court and the parties will waste resources litigating this action based on a current definition of ATDS that the Supreme Court may reject or revise. Thus, all three *Landis* factors weigh in favor of a stay.

Indeed, several courts in the Ninth Circuit have recently granted motions to stay TCPA cases pending the Supreme Court's decision in *Duguid*. This Court should do the same. In addition, or in the alternative, the Court should stay this action pending the FCC's ruling on ATDS.

## II. THE COURT SHOULD STAY THIS ACTION PENDING *DUGUID*

Three district courts in the Ninth Circuit have recently applied the *Landis* factors and granted motions to stay TCPA cases pending *Duguid*. *See Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020); *Veytia v. Portfolio Recovery Associates, LLC*, 2020 WL 5257881, at *2 (S.D. Cal. Sept. 3, 2020); *Jensen v. Roto-Rooter Servs. Comp.*, No.

---

[1] *See* Brief for United States as Respondent Supporting Petitioner, *Facebook Inc. v. Duguid*, No. 19-511 (Sept. 4, 2020).

20-cv-00223-JCC, Doc. 27 (W.D. Wash. Aug. 20, 2020). The Court should follow the reasoning in these cases, which directly applies here.

**A.     A Stay Will Simplify The Issues In This Case**

Plaintiffs do not dispute that the definition of ATDS is central to their claims. Instead, they argue the Court should refuse to stay because of current, binding Ninth Circuit authority on ATDS. Plaintiffs, however, ignore that the Supreme Court is now considering this very law, and may disagree with and revise the Ninth Circuit's definition of ATDS, with substantial potential ramifications for this case. Indeed, courts have considered and rejected Plaintiffs' argument here, finding that a stay will simplify the issues and conserve judicial resources. *See Canady*, 2020 WL 5249263, at *4; *Veytia*, 2020 WL 5257881; *Jensen*, No. 20-cv-00223-JCC, Doc. 27.

In fact, though it ultimately denied the stay for reasons not applicable here, one of the cases Plaintiffs rely on found that a stay pending Supreme Court review of Ninth Circuit law would be warranted due to the potential to simplify the issues. *See Reed v. Autonation, Inc.*, 2017 U.S. Dist. LEXIS 224055, at *12 (C.D. Cal. Mar. 6, 2017).[2]

Plaintiffs claim that existing Ninth Circuit law warrants denial of a stay, but courts have rejected this argument where, as here, the Supreme Court has decided to review that law. *See, e.g.*, *Stone v. Sterling Infosystems, Inc.*, 2015 WL 4602968, at *2 (E.D. Cal. July 29, 2015) (granting stay where the Supreme Court's grant of certiorari potentially would reverse existing Ninth Circuit precedent); *Abu-Hajar v. AutoNation, Inc.*, 2017 WL 10591886, at *3 (C.D. Cal. Aug. 17, 2017) (same, and stating "if the case is not stayed pending the Supreme Court's decision in *Morris*, and the Supreme Court reverses the Ninth Circuit's decision, the parties and the Court will have unnecessarily expended substantial time and resources in litigating this putative class action lawsuit."); *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *5-6 (S.D. Cal. May 11, 2018) (same); *Hughes v. S.A.W. Entm't, LTD*, 2017 WL 6450485, at *8 (N.D. Cal. Dec. 18, 2017) (same); *Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017) (same);

---

[2] In *Reed*, the court ultimately declined to stay the case because, unlike here, the plaintiff "clearly met his burden of showing a 'fair possibility' that a stay would damage him given the urgency of his claims and the potential length of the stay." 2017 U.S. Dist. LEXIS 224055, at *12.

1  *Cook v. Rent-A-Ctr., Inc.*, 2017 WL 4270203, at *4 (E.D. Cal. Sept. 26, 2017) (same); *Guerrero v. Halliburton Energy Servs., Inc.*, 2017 WL 3116672, at *6 (E.D. Cal. July 21, 2017) (same).

The other cases cited by Plaintiffs are inapplicable and/or distinguishable, as they either concerned discretionary stays sought while a party appealed the district court's underlying decision, or did not consider the *Landis* factors at all. *See*, *e.g.*, *R & L Ltd. Invs. Inc. v. Cabot Inv. Props., Ltd. Liab. Co.*, 2010 U.S. Dist. LEXIS 107488, at *1 (D. Ariz. Sep. 21, 2010) (denying a stay pending the appeal of the district court's denial of motion to compel arbitration); *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 768, 787 (N.D. Cal. 2017) (denying a stay pending the resolution of the defendant's petition for certiorari); *United States v. Shumilo*, 2016 U.S. Dist. LEXIS 152818, at *4 (C.D. Cal. Oct. 24, 2016) (declining to stay the prisoners' habeas cases pending a Supreme Court decision due to the prejudice to the prisoners); *United States v. Cortez-Ruiz*, 225 F. Supp. 3d 1093, 1105 (N.D. Cal. 2016) (same); *Alvarado v. United States*, 2016 U.S. Dist. LEXIS 152813, at *15 (C.D. Cal. Oct. 14, 2016) (same).[3]

Plaintiffs' argument that "irrespective of how the Supreme Court rules, the same discovery and briefing will have to take place" likewise fails. Opp'n at p. 27. First, Plaintiffs' argument misapplies the law, as the relevant *Landis* factor looks to whether a stay is "appropriate when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented." *In re Sequenom, Inc. Stockholder Litig.*, 2019 WL 1200091, at *1 (S.D. Cal. Mar. 13, 2019). Such is the case here because the Supreme Court's definition of ATDS will have a dispositive impact on this case.

Second, Plaintiffs are wrong in arguing that the parties will have to conduct the same discovery regardless of how *Duguid* is decided. To the contrary, further discovery may not even occur. If the Supreme Court agrees with the Third, Seventh, and Eleventh Circuits and determines that an ATDS must use a random or sequential number generator to populate the numbers that it automatically calls, Plaintiffs' Complaint should be subject to dismissal with prejudice based on the allegations of the Complaint. Plaintiffs allege Square's equipment "automatically captur[es]

---

[3] In *Loritz v. CMT Blues*, 2003 U.S. Dist. LEXIS 17127 (S.D. Cal. Sep. 29, 2003), there was no motion to stay at issue.

consumers' phone numbers obtained as a result of their requests to receive digital receipts and stor[es] [] them in its Loyalty Program database, and subsequently sends loyalty text messages." Compl. ¶¶ 18-19. Plaintiffs do not—and cannot—allege that Square's equipment used a random or sequential phone number generator. Indeed, the equipment at issue cannot send texts to random or sequential numbers; rather, it sends loyalty text messages to specific numbers entered by the consumers on the point of sale software who agreed to enroll in the sellers' loyalty program.[4] *See* Doc. 33-1, Am. Decl. ¶¶ 9-16. Thus, if the Supreme Court adopts the more narrow definition of ATDS, the Complaint should be dismissed with prejudice and without discovery.

Even if the Supreme Court adopts a broader definition of ATDS, its decision will at least narrow the scope of discovery. In the absence of a stay, "the parties will have to expend time and money conducting discovery on an issue central to Defendant's liability while lacking a clear idea of the law that will ultimately apply at summary judgment or at trial." *Ambrezewicz v. LeadPoint, Inc.*, 2017 WL 8185862, at *4 (C.D. Cal. May 8, 2017). Indeed, "it would prove to be 'an extraordinary waste of time and money' to continue litigating this case 'only to have to do it all again because the experts, the parties and the Court were proceeding under a legal framework that the [Supreme Court] determined did not apply.'" *Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *5 (N.D. Cal. Nov. 1, 2017) (staying case pending a Supreme Court's decision because "the outcome . . . will have a significant bearing on [defendant]'s motion to compel arbitration."). Thus, the Supreme Court's anticipated ruling on the meaning of ATDS will directly impact the adjudication of this case, potentially be dispositive, and simplify the issues before the Court, including any discovery.

Plaintiffs rely on *Komaiko v. Baker Technologies, Inc.*, No. 19-cv-03795-DMR (N.D. Cal. Aug. 11, 2020) for the proposition that a stay is not warranted pending *Duguid*, but *Komaiko* does not apply here. In *Komaiko*, the court declined to stay on the ground that *Duguid* would not have a dispositive impact on that case, because the issue of whether an equipment "has the *capacity* to

---

[4] Nor does Square use equipment to automatically dial the numbers. As explained in its motion to dismiss, the consumers themselves initiate, make, and send the text messages at issue, individually and manually, not automatically, randomly, or sequentially.

generate random numbers and call them, regardless of whether it used that capacity in sending the texts at issue . . . is a separate question from one before the Supreme Court in *Duguid*." *Id.* at *4 (emphasis in original). But Plaintiffs' own allegations make clear that *Komaiko* is irrelevant. This is because Plaintiffs' Complaint lacks any allegation that Square's equipment generates random or sequential numbers or that it has the *capacity* to do so. Rather, Plaintiffs specifically allege the equipment stores phone numbers provided by consumers and dials them from a *stored list*, not using a random or sequential number generator. *See* Compl. ¶¶ 18-19. Indeed, the equipment at issue does not generate random or sequential numbers and send text messages, but only sends loyalty text messages to specific numbers provided by the consumers, who agreed to enroll in the sellers' loyalty program. *See* Doc. 33-1, Am. Decl. ¶¶ 9-16. As a result, the definition of *capacity* is not at issue here as it was in *Komaiko*. Rather, the issue before this Court is the same as that before the Supreme Court in *Duguid*: whether an ATDS requires random or sequential number generation. *Duguid* will provide controlling authority on this dispositive issue, thereby simplifying this dispute, either by eliminating Plaintiffs' claim completely or, at least, narrowing the scope of discovery.[5] Thus, this factor weighs in favor of a stay.

**B.    A Stay Will Not Pose Any Significant Risk Or Prejudice To Plaintiffs**

A stay here will be brief, not "unknown and indefinite" as Plaintiffs incorrectly claim. Opp'n at p. 21. The Supreme Court has accepted review and set a briefing schedule with opening briefs already filed, and the response brief due by October 16, 2020. Yun Decl., Ex. F. Thus, oral argument will likely occur in late-2020, or early-2021, with a decision soon after, and in any event before the end of the term in June of 2021. Courts routinely hold that a stay is not lengthy or indefinite when the Supreme Court has already granted certiorari and will very likely issue a decision in its next term. *See, e.g.*, *United States v. Deleon*, 2016 WL 8730866, at *3 (E.D. Cal. July 29, 2016); *Provo v. Rady Children's Hosp. San Diego*, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015); *Tuan Vo v. LoanMe, Inc.*, 2017 WL 8230897, at *2 (C.D. Cal. July 24, 2017);

---

[5] Even if the Court were to determine that "capacity" is at issue, and unlikely to be addressed by the Supreme Court, it should nevertheless stay pending the FCC's decision on ATDS, which should address "capacity," and/or because the Supreme Court's decision on ATDS will at a minimum significantly narrow the issues in dispute and promote the orderly course of justice.

*Larson v. Trans Union, LLC*, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015).

Plaintiffs also cite cases inapplicable to this motion, where courts denied stays based upon a pending decision in a Court of Appeals or a proceeding in a trial court, not based on a controlling Supreme Court decision. *See*, *e.g.*, *Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*, No. 17-cv-03328-EMC (N.D. Cal. Jan. 26, 2018) (denying motion to stay pending the D.C. Circuit's decision in *ACA Int'l*); *Cabiness v. Educ. Fin. Sols., LLC*, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (same); *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) (same);[6] *D.C. v. Cty. of San Diego*, 2017 U.S. Dist. LEXIS 57736, at *8-14 (S.D. Cal. Apr. 14, 2017) (denying motion to stay pending a Ninth Circuit's decision); *Young v. Peraza*, 2015 U.S. Dist. LEXIS 101844, at *2 (S.D. Fla. Aug. 4, 2015) (denying motion to stay pending the resolution of criminal case against defendant).[7]

In fact, one case that Plaintiffs rely on, *O'Hanlon v. 24 Hour Fitness USA, Inc.*, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016), **granted** a motion to stay a TCPA case pending the Supreme Court's decisions on standing in *Tyson Foods* and *Spokeo*, in part because "the stay would be of a definite and limited duration." *Id.*

Plaintiffs argue unpersuasively that a stay would be prejudicial because it will result in fading witness memories and document spoliation. Opp'n at pp. 21-22. However, "it is implausible that a one-year delay will cause" "witnesses [to] become difficult to locate, or [that] they] will forget their testimony as their 'memories fade.'" *Larson*, 2015 WL 3945052, at *8. Moreover, the evidence in this case will come from documents and business records, as even Plaintiffs themselves do not remember the minor retail transactions at issue that took place from 2017-2019. As for records, they can and will be preserved, and Plaintiffs' argument to the contrary is unsupported speculation. Indeed, many records have already been produced.

Courts routinely "grant[] motions to stay in cases like this one where the party opposing

---

[6] The court in *Lathrop* did not address the *Landis* factors and declined to stay pending the Supreme Court's decision in *Spokeo* because the court found the plaintiffs had sufficiently alleged injury and standing would exist regardless of how the Supreme Court ruled in *Spokeo*. *Id.*

[7] In *Ontiveros v. Zamora*, 2013 WL 1785891, at *1 (E.D. Cal. Apr. 25, 2013), there was no motion to stay at issue.

the stay raises only speculative concerns about losing evidence." *Abu-Hajar*, 2017 WL 10591886, at *4; *see also Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("This nebulous contention [regarding the risk of lost evidence] is entirely unsupported, however; just what evidence is at risk and how it could possibly be lost or destroyed is a mystery."). Moreover, *O'Hanlon*, which Plaintiffs rely on, rejected the same argument made here, stating that documentary evidence "as it exists either in hardcopy or electronic form . . . can be preserved and may be discovered in the due course of litigation." *O'Hanlon*, 2016 WL 815357, at *4.

Plaintiffs argue that the "injuries to Plaintiffs and the putative class members are ongoing." Opp'n at p. 23. This factor, however, considers only the potential prejudice to the **named** plaintiff, and not the speculative, unsubstantiated risk of prejudice to unnamed putative class members before any class has been certified. *See Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794, at *3 (C.D. Cal. Oct. 23, 2019). The Complaint alleges Plaintiff Belluomini received a single text message and that Plaintiff Aleisa received four. Compl. ¶¶ 71, 84-85. Plaintiffs do not allege they received any other text messages, and since filing suit, Plaintiffs have not and will not receive any additional messages. Thus, any potential prejudice to Plaintiffs due to a brief stay is minimal to nonexistent. *See Reynolds v. Geico Corp.*, 2017 WL 815238, at *4 (D. Or. Mar. 1, 2017) (granting motion to stay a TCPA class action, holding that the "potential prejudice to plaintiff of a stay is minimal" and explaining "[a]ny delay in plaintiff's recovering monetary damages does not merit a stay, and although plaintiff has requested injunctive relief as well, the last text message plaintiff received was in August 2016, and nothing suggests that plaintiff is in jeopardy of receiving additional text messages") (citations omitted). Thus, a brief stay will not cause any prejudice to Plaintiffs, and this factor also weighs in favor of a stay.

### C. The Balance of Hardships Weighs in Favor of a Stay

Plaintiffs incorrectly suggest that judicial economy cannot be a reason to grant a stay. Courts, however, regularly find otherwise—that the risk of the waste of judicial and/or party resources must be considered in balancing the hardships of a stay. *See*, *e.g.*, *Chattanond v. Discover Fin. Servs., LLC*, 2016 U.S. Dist. LEXIS 24700, at *10 (C.D. Cal. Feb. 26, 2016)

("[H]ardship to Defendant and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant will suffer hardship in conducting discovery and trial preparation in light of the uncertain difference . . . under the definition of an ATDS."); *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018) (finding the balance of hardships weighed in favor of a stay as the parties "would have to engage in collective and class action discovery, which would be a waste of time and resources pending the outcome of" the Supreme Court's decision); *Cook v. Rent-A-Ctr., Inc.*, 2017 WL 4270203, at *4 (E.D. Cal. Sept. 26, 2017) ("Requiring the parties to go forward with litigation given the uncertainty [of how the Supreme Court will rule] would waste the time and resources of both the parties and the Court."); *Lopez v. Am. Express Bank, FSB*, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010) ("It would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year.").

In support of their argument, Plaintiffs miscite dicta from an inapposite Ninth Circuit case, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), suggesting that a bright-line rule exists disallowing any stay because of concerns about costs of litigation.[8] *See* Opp'n at p. 25. As courts in the Ninth Circuit have recognized, *Lockyer* did not establish any bright-line rule, but was limited to the specific facts of that case. *See Alvarez v. T-Mobile USA, Inc.*, 2010 WL 5092971, at *2 n.2 (E.D. Cal. Dec. 7, 2010) (holding the plaintiff's reliance on *Lockyer* was "misplaced," because the language quoted by plaintiff there—and Plaintiffs here—was made because "the case involved the stay of a divestiture action pending resolution of the defendant's bankruptcy proceeding[, and so t]he defendant would have had to defend the suit either during the pendency of the bankruptcy proceeding or after it ended").

---

[8] Plaintiffs' other cases are also inapposite. *See*, *e.g.*, *Salazar v. Cty. of L.A.*, 2016 U.S. Dist. LEXIS 190608, at *19 (C.D. Cal. Sep. 26, 2016) (denying stay pending the D.C. Circuit's ruling because expense did not outweigh delay); *Crooks v. Rady Children's Hosp.*, 2017 U.S. Dist. LEXIS 168085, at *5-10 (S.D. Cal. Oct. 10, 2017) (similar); *Larson v. Harman Mgmt. Corp.*, 2018 WL 6459964, at *5 (E.D. Cal. Dec. 10, 2018) (denying stay pending the FCC's ruling because "Defendant does not identify any specific issues that would be resolved by waiting for future action from the FCC"); *Izor v. Abacus Data Sys.*, 2019 U.S. Dist. LEXIS 130865, at *6-12 (N.D. Cal. Aug. 5, 2019) (similar); *Lathrop*, 2016 WL 97511, at *3-5 (*see* discussion above). One case Plaintiffs rely on granted a stay pending *ACA Int'l. Rose v. Sw. Credit Sys., L.P.*, 2015 U.S. Dist. LEXIS 195291, at *9 (C.D. Cal. Nov. 30, 2015).

Here, the balance of hardships weighs in favor of a stay. A stay will be brief with no significant prejudice or risk to Plaintiffs. On the other hand, allowing the case to go forward risks a significant expenditure of time and resources of the Court and the parties. A stay will conserve resources, as a Rule 12(b)(6) motion to dismiss, discovery, and motion for summary judgment will all depend in large part on the definition of ATDS. While the Ninth Circuit has defined ATDS, by accepting review of that definition in *Duguid*, the Supreme Court may disagree with that definition, resulting in significant ramifications at all stages of litigation, and potentially resulting in significant waste of court and party resources if this case is not briefly stayed.

Because all three *Landis* factors weigh in favor of a stay. The Court should stay this action pending the Supreme Court's decision in *Duguid*.

### III. THE COURT SHOULD STAY THIS ACTION PENDING FCC RULING

In addition, or in the alternative, the Court should stay this action pending the FCC's ruling on ATDS because all four primary jurisdiction factors weigh in favor of a stay here.

Plaintiffs do not dispute that the second and third factors weigh in favor of a stay. Rather, they dispute that the first and fourth factors weigh in favor of a stay because binding Ninth Circuit law already exists with respect to what constitutes an ATDS, and the definition of ATDS does not involve a technical issue that requires the expertise of the FCC.

But Plaintiffs fail to address the binding effect of the forthcoming FCC order. Although the Ninth Circuit issued its own definition of ATDS, it will defer to any new definition by the FCC, even if contrary to *Marks*, as it previously held that the FCC's interpretation of the TCPA "has the force of law and is therefore entitled to *Chevron* deference." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 939 (9th Cir. 2009); *see also Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 939 (N.D. Cal. 2015) ("[T]he Hobbs Act jurisdictionally divests district courts from ignoring FCC rulings interpreting the TCPA.").

Here, there is a need to resolve the issue of what constitutes an ATDS, and the FCC's anticipated ruling will significantly impact this case. The FCC will soon interpret what constitutes an ATDS, the term "capacity," and the functions the telephone equipment must be able to perform, which may not be covered by the Supreme Court's decision in *Duguid*. Yun Decl., Ex. A at 1–3.

-9-  Case No. 3:20-cv-00806-EMC
SMRH:4826-4917-9338.6  SQUARE'S REPLY IN SUPPORT OF ITS MOTION TO STAY

Thus, the first factor weighs in of a stay.

Moreover, the FCC is the expert agency charged with defining complex issues such as what falls within the definition of ATDS. Thus its expertise is needed here to help resolve a central element of Plaintiffs' claim. *See In re Portfolio Recovery Associates, LLC, Tel. Consumer Protec. Act Litig.*, 2014 WL 12603110, at *3 (S.D. Cal. May 20, 2014) (the meaning of "capacity" as applied to an ATDS "is not within the conventional experience of judges but, instead involves technical or policy considerations within the FCC's particular field of expertise, and a substantial danger of inconsistent rulings exist if a stay is not implemented."). Allowing the FCC to provide its expert, controlling definition of ATDS will offer critical clarity here, and thus, the fourth factor also weighs in favor of a stay.

The FCC has publicly and explicitly expressed a desire to address the meaning of ATDS soon. *See Barnes v. CS Mktg. LLC*, 430 F. Supp. 3d 1309, 1313 (S.D. Fla. Jan. 2, 2020). Thus, staying the case will avoid the risk of a ruling by this Court on the meaning of ATDS that may turn out to be inconsistent with the FCC's ruling. For these reasons, the Court should stay this action pending the FCC's ruling under the primary jurisdiction doctrine.

## IV. CONCLUSION

For these reasons, Square requests that the Court grant its motion to stay these proceedings pending the Supreme Court's decision in *Duguid* and/or the FCC's definition of ATDS.

Dated: September 11, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Shannon Z. Petersen*
SHANNON Z. PETERSEN
LISA S. YUN
SIEUN J. LEE

Attorneys for Defendant
SQUARE, INC.